# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **KAREEM ROBERSON**, <br><br> Plaintiff, <br><br> v. <br><br> **DEANA SHAW** and **THE FEDERAL BUREAU OF PRISONS**, <br><br> Defendants. | Case No.: 3:12-cv-00501-PK <br><br> **OPINION AND ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS** |

**SIMON, District Judge**.

On August 28, 2012, Magistrate Judge Paul Papak issued findings and recommendations ("F&R") in the above captioned case. Dkt. 33. Judge Papak recommended that the Court should grant in part and deny in part Defendants Deana Shaw and the Federal Bureau of Prison's ("BOP") Motion to Dismiss for Failure to State a Claim, Dkt, 22. Both parties filed objections. DktS. 36-38.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the

Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

In their objections, Defendants argue that all claims against the BOP should be dismissed because the BOP has not waived sovereign immunity. Dkt. 36. Plaintiff may not maintain this action against the BOP absent a waiver of sovereign immunity. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984) ("*Bivens* does not provide a means of cutting through the sovereign immunity of the United States"). The Federal Tort Claims Act is the exclusive avenue for suits against the United States. *F. D. I. C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States"). Plaintiff has not filed a tort claim notice against the BOP, as required by the FTCA. Vickers Decl. at ¶ 16 (Dkt. 24); 28 U.S.C. § 2675(a) (party may not bring action against United States unless party first presents claim to appropriate federal agency). Because Plaintiff has not complied with the FTCA, and the United States has not waived sovereign immunity, this Court lacks jurisdiction over the BOP. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (the FTCA "administrative claim prerequisite is jurisdictional"). The Court, therefore, dismisses all of Plaintiff's claims against the BOP.

Page 2 – OPINION AND ORDER

Plaintiff has also filed objections. Dkt. 37-38. The Court has reviewed Plaintiff's objections and finds that they do not provide any reason to alter Judge Papak's F&R. The Court has reviewed the remainder of Judge Papak's findings for clear error and no error is apparent.

## CONCLUSION

Plaintiff's claims against Defendant the Federal Bureau of Prisons are **DISMISSED**. In all other respects, the Court **ADOPTS** Judge Papak's findings and recommendations, Dkt. 33. Plaintiff's discriminatory retaliation claim against Defendant Deana Shaw is **DISMISSED**. Plaintiff's sexual abuse claim against Defendant Deana Shaw may proceed.

IT IS SO ORDERED

Dated this 26th day of March, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge